IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BOURN INVESTMENTS, LLC** | § | |
| | § | |
| **v.** | § | **A-10-CA-810 LY** |
| | § | |
| **GREGORY G. HALL** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court are Bourn Investments, LLC's Motion for Summary Judgment, filed October 31, 2011 (Clerk's Dkt. #21); Defendant Gregory G. Hall's Response to Bourn Investments, LLC's Motion for Summary Judgment, filed November 21, 2011 (Clerk's Dkt. #24); and Bourn Investments, LLC's Reply in Support of Motion for Summary Judgment, filed December 2, 2011 (Clerk's Dkt. #29).

The motion was referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits of the motion pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

I. BACKGROUND

Plaintiff Bourn Investments, LLC ("BI") brings a claim for breach of contract against its former business associate, Gregory G. Hall ("Hall"). Specifically, BI claims that on April 15, 2009, Hall and BI entered in an agreement creating an obligation on the part of Hall to pay BI the sum of

$677,764.51. (Compl. ¶ 6). Hall admits that he entered into this agreement and that it describes his obligation to pay BI, but denies that the obligation is unconditional or owed. (Ans. ¶ 6).

Bourn Investments now files a motion for summary judgment, claiming that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on its claim of breach of contract. The parties have filed responsive pleadings and the matter is now ripe for determination.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 2513 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 110, 122 (1993). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

### III. RELEVANT EVIDENCE

Hall entered into a number of commercial real estate ventures with Don Bourn ("Bourn") and entities under his control, including BI. (Def. Res. Mot. Sum. J., Ex. 1 ¶ 2). The ventures at issue here were known as: (1) Longhorn Junction, (2) Clearwater Crossing, and (3) Longhorn Junction Phase III (collectively "the Ventures"). *Id.* Bourn and entities under his control had sole and exclusive management rights in each of the Ventures and were in exclusive possession of all financial information concerning the Ventures. (*Id.* ¶ 2-3). In 2008, disputes arose between Hall and Bourn regarding the Ventures. (Pl. Mot. Sum. J., Ex. 1 ¶ 3). Specifically, Hall alleges that BI managed the Ventures in a negligent manner, including misappropriating funds, failing to disclose material financial information and other records, and failing to provide an accounting of financial affairs. (Def. Answer ¶ 12-14). Hall states that he requested a variety of accounting information from Bourn and affiliates regarding the Ventures but received either no or unsatisfactory responses. (Def. Res. Mot. Sum. J., Ex. 1 ¶ 2).

Bourn states that in order to resolve their dispute and separate their interests, Hall and Bourn agreed that (1) Bourn and affiliates would assign to Hall their interests in the Ventures; (2) Hall

would assign his interests in another venture to an entity controlled by Bourn; and (3) Bourn would accept from Hall a reimbursement amount. (Pl. Mot. Sum. J., Ex. 1 ¶ 6).

It is undisputed that on April 15, 2009, Hall and BI entered into an agreement entitled Agreement for Exchange of Membership Interest ("the Agreement"). (Def. Answer ¶ 6). Bourn states that the purpose of the Agreement was to "resolve all differences between Hall and [Bourn] or the entities under [Bourn's] control, including reimbursement amounts and disclosure of financial information." (Pl. Mot. Sum. J., Ex. 1 ¶ 6). Bourn states and Hall does not deny that the Agreement resulted in Bourn assigning and conveying all his right, title and interest in the Ventures to entities owned by Hall. (*Id.* ¶ 13-32).

It is undisputed that Section 1.4 of the Agreement creates an obligation on the part of Hall to pay BI the sum of $677,764.51 ("Reimbursement Amount"). (Def. Answer ¶ 6). It is also undisputed that Section 1.4 creates terms and conditions for payment such that Hall was to pay one-half of the Reimbursement Amount on or before December 31, 2009, and the remaining half before December 31, 2010. *Id.* ¶ 7. Hall does not dispute that he has not paid any of the Reimbursement Amount. *Id.* ¶ 10. The Agreement provides for interest at a rate of 10% per annum from the date of default for each of the respective halves of the Reimbursement Amount, entitles the prevailing party in any litigation to recover costs, expenses and reasonable attorney's fees. *Id.* ¶¶ 9, 11.

The Agreement included "Assignment of Interest" documents for each of the Ventures, and these documents include the following release:

> [e]ach party [...] does hereby waive, release and forever discharge all and each of the other party [...] for, from and against any and all claims, debts, liens, demands, causes of action, controversies, offsets, obligations, losses, damages and liabilities of every kind and character whatsoever, including, without limitation, any action, omission, misrepresentation or other basis of liability founded either in tort or contract and the

> duties arising thereunder or otherwise, that the party or any of the Released Parties has had in the past, or now has, or which may hereafter accrue, whether known or unknown, absolute or contingent, whether currently existing or hereafter asserted, against any or all of the party or the Released Parties by reason of any matter, cause or thing set forth in, relating to or arising out of, or in any way connected with or resulting from the performance or non-performance of the partnership agreement of the Partnership, or any of the matters or circumstances described therein or relating thereto or undertaken in connection therewith, and to any other matter in any way whatsoever related to the properties referenced therein; *provided, however*, that nothing herein shall constitute a release of any obligations of any of the parties under the Agreement or this Assignment.

(Pl. Mot. Sum. J., Ex. A at 24, 27, 29, 73, 77, 81, 85, and 89).

## IV. DISCUSSION

BI is entitled to summary judgment if there is no genuine dispute of material fact regarding any of the elements of its breach of contract claim. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). In Texas, a successful breach of contract claim consists of: (1) a valid contract, (2) performed by the plaintiff, (3) breached by the defendant, and (4) resulting in damage to the plaintiff." *Id.* at 427 (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003)).

Hall acknowledges the existence of a contract. (Def. Answer ¶ 6). Nowhere in his pleadings or summary judgment evidence or argument does Hall dispute BI's contention that BI transferred its interests in the Ventures to Hall. And it is undisputed that Hall has paid none of the Reimbursement Amount. *Id.* ¶ 10. Thus, BI argues that it has fulfilled the elements of its breach of contract claim, indicating the absence of a genuine issue of material fact.

Hall contends that BI is not entitled to summary judgment because BI has "forfeited any right to recover any reimbursement as an equitable matter" for a number of reasons. (Def. Res. Mot. Sum. J at 2). First, Hall asserts that BI owed Hall a fiduciary duty and breached that duty by not disclosing

all material facts concerning the Ventures. Hall argues that by breaching its fiduciary duty, BI forfeited any sums Hall might owe BI as well as any right to recover any reimbursement. Second, Hall asserts that BI is estopped from recovering any reimbursement until an accounting for the financial transaction of the Ventures is provided. Third, Hall asserts that BI in fact is indebted to Hall and is thus prohibited by equity from recovering the sum it seeks.

The undersigned first notes that Hall provides no case law or other legal support for his arguments, which weighs against their persuasiveness. In response to Hall's arguments, BI argues that Hall ignores the Agreement's comprehensive releases between the parties (quoted above). BI contends that the release language covers Hall's claims concerning breach of fiduciary duty for non-disclosure; BI's unsatisfactory accounting of the Ventures' financial transactions; and BI's alleged indebtedness to Hall. The disputes underlying Hall's arguments are the same disputes that gave rise to the Agreement in the first place. The plain meaning and purpose of the release language in the Agreement is to discharge claims based on the disputes that gave rise to the Agreement. Hall has offered no reason as to why he signed multiple assignments containing comprehensive releases of known and unknown claims nor why these releases should not be enforced. Thus, Hall's arguments are unpersuasive, unsupported by the law, and fail to establish the existence of a genuine issue for trial.

## V.  RECOMMENDATION

Plaintiff has demonstrated that there is no genuine dispute as to any material fact regarding its claim of breach of contact. Accordingly, the Undersigned **RECOMMENDS** that the District Court **GRANT** Bourn Investments, LLC's Motion for Summary Judgment, filed October 31, 2011 (Clerk's Dkt. #21).

## VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 U.S. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of April, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE